# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, <br><br> Petitioner <br><br> v. <br><br> TIMOTHY FILSON, et al., <br><br> Respondents | Case No.: 2:19-cv-00493-JAD-CWH <br><br> **Order Granting *In Forma Pauperis* Application and Directing Service and a Response** <br><br> [ECF No. 4 & 1-1] |

Petitioner John Turner challenges his 2016 state court conviction for child abuse and endangerment.[1] Turner has filed a motion for leave to proceed *in forma pauperis*, which I grant because I find that Turner cannot pay the filing fee. Having preliminarily reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I hereby direct service and a response.

IT IS THEREFORE ORDERED that the Clerk shall FILE the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that Turner's application for leave to proceed *in forma pauperis* **[ECF No. 4] is GRANTED**, and Turner will not be required to pay the filing fee.

IT IS FURTHER ORDERED that the Clerk shall add Nevada Attorney General Aaron D. Ford as attorney for respondents and informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that respondents have until June 21, 2019, to respond to the petition; Turner will then have 30 days after service of the answer to file a reply. If respondents file a motion to dismiss instead of an answer, the response and reply time to any such motion will be governed by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response

---
[1] ECF No. 1-1 at 1-2.

1

on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss. Because there appears to be a potential issue as to timeliness in this case, and the state court record reveals several postconviction motions filed by Turner that could potentially be considered tolling motions pursuant to 28 U.S.C. § 2244(d)(2), respondents should include all of Turner's postconviction motions as part of the relevant state court record if they move to dismiss on timeliness grounds.

IT IS FURTHER ORDERED, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*. Respondents must send a hard copy of all exhibits filed in this case to the Las Vegas Clerk's Office.

IT IS FURTHER ORDERED that all state court record exhibits filed in this matter must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments must be identified by the number(s) of the exhibit(s) in the attachment so that the court and any reviewing court will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

Dated: April 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey