**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN TURNER,

             Petitioner

    v.

TIMOTHY FILSON, et al.,

             Respondents

Case No. 2:19-cv-00493-JAD-DJA

**Order Granting Motion to Dismiss, Denying Motion for Appointed Counsel, and Dismissing Amended Petition**

[ECF Nos. 29, 36]

Former Nevada inmate Petitioner John Turner brings his *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and sentence for child abuse, neglect, and endangerment.[1] Respondents move to dismiss his amended petition as untimely and further argue that his grounds are procedurally barred, unexhausted and defaulted, or non-cognizable for federal habeas relief.[2] Turner later moved for appointed counsel.[3] Because Turner's claims are time-barred, procedurally barred or defaulted, or not cognizable in federal habeas proceedings, I grant respondents' motion, dismiss the amended petition, deny Turner's motion for appointed counsel, and close this case.

**Background**

**A.      State Proceedings**

       ***1.      Turner's judgment of conviction and direct appeal***

Turner challenges a 2016 conviction and sentence imposed by the Eighth Judicial District Court for Clark County upon a guilty plea agreement.[4] On September 12, 2016, the state court entered a judgment of conviction on Turner's guilty plea to one count of child abuse, neglect, and endangerment.[5] He was sentenced to a maximum 72 months in prison with a minimum

---

[1] ECF No. 17.

[2] ECF No. 29.

[3] ECF No. 36.

[4] *State of Nevada v. Turner*, C-16-314750-1.

[5] Ex. 14, ECF No. 30-14.

parole eligibility in 28 months.[6]  Turner appealed.  In April 2017, the Nevada Supreme Court dismissed his appeal for lack of jurisdiction because the notice of appeal was untimely filed.[7]

### 2. *First state petition*

While his direct appeal was pending, on December 5, 2016, Turner filed a state petition for writ of habeas corpus, seeking post-conviction relief.[8]  In relevant part, he alleged his *Miranda*[9] rights were violated upon initial arrest, a delay in arraignment caused a due-process violation, the presentence investigation report (PSI) presented false information to the state court, prosecutors presented improper arguments at sentencing, and his sentence was inconsistent with the guilty plea agreement.  Because the appellate court had not yet decided the appeal, the state court held that jurisdiction was lacking.[10]  In the alternative, the state court found that Turner's claims were either waived, not cognizable in a habeas petition, or belied by the record.  To the extent he implied an ineffective-assistance-of-counsel claim based on counsel's failure to move for dismissal when the arraignment was rescheduled, the state court held that such allegations were without merit.  Turner filed a first post-conviction appeal.  The Nevada Court of Appeals affirmed the denial of relief, and a remittitur issued on March 20, 2018.[11]

### 3. *Second state petition*

Turner filed a second state habeas petition in January 2018, seeking post-conviction relief.[12]  Among other issues, he alleged: a *Miranda* violation; prosecutors improperly argued at sentencing; the state-court judge demonstrated bias; he was never properly charged or sentenced for child abuse, neglect or endangerment, and was not guilty of that charge; and the state court erred by deviating from the guilty-plea agreement and sentencing him to 28–72 months instead of 12–72 months.  The state court denied the second state petition, finding that Turner's claims

---

[6] *Id.*

[7] Ex. 43, ECF No. 31-2.

[8] Ex. 18, ECF No. 30-18.

[9] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[10] Ex. 36, ECF No. 30-36.

[11] Exs. 75, 104; ECF Nos. 31-34, 32-23.

[12] Ex. 85, ECF No. 41.

2

were successive, waived, not cognizable, or without merit.[13] Turner filed a second post-conviction appeal. The Nevada Court of Appeals affirmed the denial of relief, holding that the second state petition was untimely, successive, and procedurally barred, and that Turner failed to demonstrate good cause and actual prejudice.[14]

### *4.     Third and fourth state petitions*

In 2019, Turner filed third and fourth state petitions, challenging the calculation of statutory credits against his minimum parole-eligibility date, rather than the underlying judgment of conviction.[15] He voluntarily dismissed the third state petition.[16] The fourth state petition was denied because Turner had already been released on parole and no additional relief was available under Nevada law.[17] The Nevada Court of Appeals affirmed the denial of relief.[18]

**B.     Federal habeas proceedings**

In 2017, while his state proceedings were ongoing, Turner filed four federal habeas petitions in this court.[19] Each petition was dismissed without prejudice on procedural grounds.

On March 17, 2019, Turner mailed, or handed to a prison official for the purpose of mailing, the *pro se* federal petition initiating this case.[20] Shortly thereafter, he was released from

---

[13] Ex. 110; ECF No. 32-29.

[14] Ex. 144; ECF No. 33-23.

[15] Exs. 145, 148; ECF Nos. 33-24, 33-27.

[16] Ex. 151, ECF No. 33-30.

[17] Ex. 163; ECF No. 33-42.

[18] *Turner v. State of Nevada*, No. 79293-COA, Order of Affirmance (Nev. Ct. App. May 27, 2020). I take judicial notice of the proceedings in Turner's post-conviction appeals in the Nevada appellate courts. The docket records of these courts may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[19] *Turner v. Attorney General of Nevada*, 2:17-cv-0696-APG-CWH (D. Nev. Mar. 13, 2017) (dismissed without prejudice for a failure to pay filing fee or submit an application to proceed *in forma pauperis*); *Turner v. Filson*, 3:17-cv-0620-MMD-WGC (D. Nev. Oct. 13, 2017) (dismissed without prejudice as duplicative of a pending case, 2:17-cv-1084-RFB-VCF); *Turner v. Filson*, 2:17-cv-2453-MMD-PAL (D. Nev. Dec. 12, 2017) (dismissed without prejudice after Turner's show-cause response requested voluntary dismissal); *Turner v. NDOC*, 2:17-cv-1084-RFB-VCF (D. Nev. Dec. 19, 2017) (dismissed without prejudice under *Younger v. Harris*, 401 U.S. 37 (1971), given the pending post-conviction appeal).

[20] ECF No. 1-1 at 1.

custody.[21]  Respondents moved for an order directing Turner to file a legible petition, arguing that his handwritten petition was unreadable.[22]  Since Rule 2(c)(4) of the Rules Governing Section 2254 Cases requires petitions to be either typewritten or legibly handwritten, I granted the motion and ordered Turner to file a legible version of his petition, cautioning him that it was "not an opportunity to amend or change anything in his petition, just a chance to type or rewrite what he ha[d] already filed to make it possible for the court and respondents to read it."[23]  Turner typed his amended petition,[24] alleging four grounds for relief:

> Ground 1 – His Fifth Amendment right to due process was violated because he was not timely read his *Miranda* rights.
>
> Ground 2 – Turner's guilty plea was not knowing or voluntary because he relied on erroneous legal advice and was led to believe he would receive a 12–72 month sentence but instead received 28–72 months, a Fifth and Fourteenth Amendment due-process violation.
>
> Ground 3 – Turner's Fifth Amendment due-process right was violated because he was charged with child abuse, neglect, and endangerment, but he had not abused, endangered, or neglected a child according to NRS 200.508(1).
>
> Ground 4 – The state court judge, Douglas E. Smith, violated the Fifth Amendment by subjecting Turner to bias and prejudicial statements at sentencing.

Respondents moved to dismiss the amended petition as untimely and further argued that his claims are procedurally barred, unexhausted and defaulted, or not cognizable.[25]  Turner's response was due by November 18, 2019, but he did not respond.[26]

On December 17, 2019, Turner filed a notice of change of address.[27]  I sua sponte directed the Clerk of Court to mail him one copy of respondents' motion and reset his response

---

[21] ECF No. 10.  Since Turner's release, the court has received multiple pieces of mail returned as undeliverable, ECF Nos. 16, 19, 25, 28, which prompted an order for Turner to update his address, ECF No. 26.  *See also* ECF Nos. 15, 20, 27, 34 (Turner's notices of change of address).

[22] ECF No. 12.

[23] ECF No. 14.

[24] ECF No. 17.

[25] ECF No. 29.

[26] *See* LR 7-2(b) (an opposing party has 14 days to file and serve any response to a motion).

[27] ECF No. 34.

deadline for January 10, 2020—giving him an additional 18 days to file and serve a response.[28] Turner was warned in bold letters, if he "**fail[ed] to respond to Respondents' motion by January 10, 2020, the court will deem his silence as consent to grant the motion**."[29] He did not oppose the motion before the new deadline expired.

On January 27, 2020, Turner filed an untimely response as well as a motion for appointed counsel.[30] Respondents filed a reply in support of their dismissal motion along with an opposition to Turner's motion for appointed counsel.[31]

## Discussion

### A.  The appointment of counsel is not warranted.

I first note that Turner had until February 10, 2020, to file a reply to respondents' opposition to his motion for appointed counsel. Turner did not reply, so I consider the matter fully briefed. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding,[32] but the court must appoint an attorney if (1) a case is so complex denying counsel would deny due process or (2) the petitioner's education is so limited that he is incapable of fairly presenting his claims.[33] Turner has not established that the interests of justice require the appointment of counsel.

Turner states that he is experiencing ongoing medical issues and attaches documents indicating that he received medical care in January 2020, but the amended petition is sufficiently clear in presenting the issues that he wishes to bring. Based on the state-court record and the facts alleged in the amended petition, I find that the legal issues raised are not particularly complex. Since commencing this habeas action, Turner has filed numerous documents and demonstrated sufficient ability to articulate his claims. I appreciate that it is difficult for *pro se*

---

[28] ECF No. 35.

[29] *Id.* at 2.

[30] ECF Nos. 36, 37.

[31] ECF Nos. 38, 39.

[32] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[33] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)).

petitioners to pursue their habeas claims and almost every *pro se* petitioner would benefit from representation by counsel. But Turner has not shown that denial of counsel would violate due process and I decline to exercise my discretion to appoint counsel.

**B.	Turner's habeas action is time-barred.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year deadline for state prisoners to file a federal habeas petition. That 365-day period begins to run from the latest of four possible triggering events, "the dates on which: (1) direct review becomes final, (2) an unlawful state-created impediment to filing is removed, (3) a new constitutional right is made retroactively available, or (4) the factual predicate of the claim(s) presented could have been discovered with 'due diligence.'"[34] The most common triggering event is the date a petitioner's judgment of conviction becomes final. In Nevada, a petitioner has 30 days from entry of the judgment of conviction to initiate a direct appeal.[35] When a Nevada appellate court dismisses a direct appeal as untimely, the date of finality is the date when the time for filing a timely appeal expired.[36]

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending.[37] However, statutory tolling applies in narrow circumstances. An untimely state petition is not "properly filed" and thus does not toll AEDPA's statute of limitations.[38] Because no state proceeding is pending, statutory tolling is not permitted for the time period between the end of a direct appeal and the filing of a state petition, or the time period between the end of a state post-conviction appeal and the filing of a federal petition.[39] Likewise, no statutory tolling is allowed for the time a federal habeas petition is pending.[40]

---

[34] *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting 28 U.S.C. § 2244(d)(1)(A)–(D)).

[35] Nev. R. App. P. 4(b).

[36] *Randle v. Crawford*, 604 F.3d 1047, 1054–55 (9th Cir. 2010).

[37] 28 U.S.C. § 2244(d)(2).

[38] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[39] *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006); *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999).

[40] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Turner's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on October 12, 2016.[41] Although he initiated a direct appeal, the Nevada Supreme Court found it was untimely filed and dismissed that appeal for lack of jurisdiction. The AEDPA statute of limitations began to run the day after time expired for Turner to file a timely appeal. Absent another basis for tolling or delayed accrual, the limitations period would expire 365 days later. Turner timely filed his first state petition on December 5, 2016, pausing the AEDPA clock. As a result, 53 days elapsed between the finality of the judgment and the filing of the first state petition, and the remaining 312 days were statutorily tolled during the proceedings related to the first state petition. Tolling ended on March 20, 2018, when the remittitur issued for the first post-conviction appeal. The AEDPA clock restarted the following day and expired 312 days later on January 27, 2019. Turner filed his petition nearly two months later, in March 2019. Absent another basis for tolling or delayed accrual, Turner's petition is fatally late.

Unfortunately for Turner, there is no other basis for tolling or delayed accrual. None of his other state or federal petitions, motions, or requests for relief qualify as "properly filed" state post-conviction proceedings for statutory tolling purposes—and he does not assert otherwise. Because the second state petition was untimely under Nevada law, it was not a "properly filed" state application for post-conviction relief.[42] The third and fourth petitions could not toll the AEDPA limitations period because they were filed in March and April 2019—*after* the deadline expired.[43] And Turner's four prior federal petitions did not toll the AEDPA deadline because § 2244(d)(2) only allows tolling for *state* post-conviction proceedings, not federal habeas actions.[44]

In his opposition, Turner asserts that the tardiness of his amended petition is excused

---

[41] *See Randle*, 604 F.3d at 1054–55.

[42] *See Pace*, 544 U.S. at 417.

[43] *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

[44] *See Duncan*, 533 U.S. at 181–82.

because this court "ordered him to amend."[45]  He may be attempting to argue that I misled him into believing that his petition was timely by ordering him to submit a legible petition, and he should be entitled to equitable tolling as a result.[46]  That assertion is meritless.  Nothing in my June 2019 order addressed AEDPA's statute of limitations.[47]  Turner did not request, much less receive, an extension of time to amend, which may confuse a *pro se* petitioner in some circumstances.  Rather, respondents moved for an order directing him to file a legible petition and I granted their request.  The order simply required Turner to type or rewrite what he had already filed by a date certain so his claims could be understood.  The order in no way implied that Turner was relieved of his responsibility to timely file his federal claims.  Plus, by the time the order was entered, the AEDPA deadline had already expired; that order could not restart his one-year filing period.[48]

Turner further suggests that tolling applies because his legal files were lost when he was paroled in May 2019 and released to a halfway house.  But Turner does not explain how or why the loss of his legal file impacted his opposition of the dismissal motion, and a habeas petitioner has the burden of demonstrating that he is entitled to equitable tolling.[49]  Turner did not oppose the motion in November 2019 in accordance with the Local Rules.  In December 2019, he filed a notice of change of address.  Within days, I *sua sponte* ordered the Clerk of Court to mail Turner a copy of the motion at his new address and gave him "**one final opportunity to file a**

---

[45] ECF No. 37.

[46] *Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor, J., concurring) ("if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate").

[47] *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013) (petitioner entitled to equitable tolling where he reasonably relied on magistrate judge's extensions of time to file habeas petition); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (a petitioner's "misunderstanding of accurate information [provided by a court] cannot merit relief") (internal citation and quotation marks omitted); *Brambles v. Duncan*, 412 F.3d 1066, 1070–71 (9th Cir. 2005) (denying equitable tolling where the district court's statement was not affirmatively misleading).

[48] *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed") (citing *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001)).

[49] *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

**response**" by January 10, 2020.[50]  I expressly warned Turner that I would "**deem his silence as consent to grant the motion**."[51]  Turner filed his response 17 days late on January 27, 2020. Turner was given two full opportunities to oppose the motion, yet his opposition fails to refute any of respondents' substantive arguments.  The record patently demonstrates that Turner's federal claims are untimely.  Under these circumstances, he has not carried his burden for equitable tolling.  I therefore find that the amended petition is time-barred and I dismiss it for that reason.

**C.   Alternatively, Turner's claims are either procedurally barred or defaulted, or non-cognizable in federal habeas.**

Even if Turner's amended petition were timely, respondents further contend, the record demonstrates that dismissal is appropriate.  Turner provided no substantive opposition to their alternative arguments, and I find that their alternative contentions have merit and supply additional, independent reasons to dismiss this petition.

*1.   Ground 1 is not cognizable.*

According to respondents, Ground 1 is not cognizable in federal habeas under the United States Supreme Court's ruling in *Tollett v. Henderson* that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." [52]  In Ground 1, Turner alleges a Fifth Amendment due process violation because was not timely read his *Miranda* rights during his March 2016 arrest and transfer to jail.[53]  Respondents correctly point out that these allegations involve pre-plea events, and his guilty plea thus precludes federal habeas relief under *Tollett*.[54]

---

[50] ECF No. 35 at 1 (emphasis in original).

[51] *Id.* at 2 (emphasis in original).

[52] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) ("As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations.").

[53] ECF No. 17 at 3.

[54] *See Tollet*, 411 U.S. at 267; *Hudson*, 760 F.2d at 1030.

9

Ground 1 is not cognizable under § 2254.

### 2.     *Grounds 3 and 4 are procedurally barred.*

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule.[55] Nevada's one-year statute of limitation for post-conviction petitions and prohibition on second or successive post-conviction petitions[56] are independent and adequate state procedural rules as applied to non-capital cases.[57] When a petitioner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."[58] To demonstrate cause, the petitioner must show that some external and objective factor impeded his efforts to comply with the procedural rule.[59] Ignorance or inadvertence does not establish cause.[60] To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error.[61]

Turner cannot do this. He alleges in Ground 3 that he was charged with child abuse, neglect, and endangerment though he had not abused, endangered, or neglected a child according to NRS 200.508(1), and in Ground 4, he claims that the state-court judge subjected him to bias and prejudicial statements at sentencing.[62] He made the same allegations in his second state

---

[55] *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000).

[56] NRS 34.726; NRS 34.810(2).

[57] *See, e.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211–14 (9th Cir. 1999).

[58] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

[59] *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012).

[60] *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986).

[61] *Id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

[62] ECF No. 17 at 6–8.

petition,[63] which the Nevada Supreme Court expressly determined was procedurally barred under NRS 34.726(1) and NRS 34.810(2).[64] Those were independent and adequate grounds to affirm the denial of the second state petition. The burden thus falls on Turner to prove good cause for the default and actual prejudice or actual innocence. Although he alleges in the amended petition that his constitutional rights were violated, he does not argue any grounds to overcome the procedural bar. Grounds 3 and 4 are thus subject to dismissal as procedurally barred.

### 3.     *Ground 2 is unexhausted and procedurally defaulted.*

A habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts[65] by "fully and fairly present[ing] them to the state courts."[66] Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based.[67] "In addition to the exhaustion requirement, a federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine."[68] "[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice."[69]

Respondents contend that Ground 2 is unexhausted and procedurally defaulted. Ground 2 alleges that Turner's guilty plea was not knowing and voluntary because he relied on erroneous legal advice and was led to believe he would receive a sentence of 12–72 months but received 28–72 months instead. In his first and second state petitions, Turner claimed that the state court improperly deviated from the guilty plea agreement and sentenced him to 28–72

---

[63] Ex. 85, ECF No. 41 at 23, 27.

[64] Ex. 144, ECF No. 33-23.

[65] 28 U.S.C. § 2254(b)(1)(A).

[66] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)).

[67] *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[68] *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

[69] *Id.* (citing *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002)).

months instead of 12–72 months based on false information in his PSI, prosecutors' slanderous sentencing arguments, and the sentencing judge's bias.[70] He did not, however, allege that counsel provided erroneous legal advice regarding sentencing or the guilty plea agreement. Notably, the state court addressed an implied ineffective-assistance-of-counsel claim for Turner's first state petition based on counsel's failure to move for dismissal when the arraignment was rescheduled and held that such allegations were meritless.[71] Even liberally construed, those allegations did not fairly present a claim that counsel provided erroneous legal advice regarding the guilty plea agreement or sentencing. Ground 2 is unexhausted.

Ground 2 is also procedurally defaulted. If Turner were to return to state court, Nevada's procedural rules would now bar him from bringing this claim. And though the burden falls on Turner to prove good cause for the default and actual prejudice, he does not argue that he can show cause and prejudice or actual innocence sufficient to overcome the procedural bars. Ground 2 is therefore subject to dismissal as both unexhausted and procedurally defaulted.

**D.     The court denies a certificate of appealability.**

Because this is a final order adverse to Turner, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."[72] For claims rejected on their merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[73] For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.[74] In light of the clear tardiness of the amended petition, I find no basis to issue a COA, so I sua sponte decline to issue one.

---

[70] Ex. 18, ECF No. 30-18 at 10; Ex. 85, ECF No. 41 at 30.

[71] Ex. 36, ECF No. 30-36 at 7–9.

[72] 28 U.S.C. § 2253(c)(2).

[73] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

[74] *Id.*

**Conclusion**

**IT IS THEREFORE ORDERED that:**

- Respondents' Motion to Dismiss **[ECF No. 29] is GRANTED**, and Turner's Amended **Petition [ECF No. 17] is DISMISSED with prejudice as time-barred.**

- Petitioner John Turner's Motion for Appointment of Counsel **[ECF No. 36] is DENIED**.

- A certificate of appealability is **DENIED**.

- The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: September 2, 2020

_____
U.S. District Judge Jennifer A. Dorsey